UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

HEATHER A. VALLIER,                )
                                   )
         Plaintiff                 )
                                   )
v.                                 )    No. 1:17-cv-00064-DBH
                                   )
NANCY A. BERRYHILL,                )
Acting Commissioner of Social Security,  )
                                   )
         Defendant                 )

**REPORT AND RECOMMENDED DECISION**[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ erred at Steps 2, 3, and 4 in determining the nature and severity of her mental impairments and her mental residual functional capacity ("RFC") as of her date last insured. *See* Plaintiff's Statement of Errors ("Statement of Errors") (ECF No. 11) at 5-17. I agree that remand is warranted because of the ALJ's error in assessing the plaintiff's mental RFC at Step 4, which in turn undermined her conclusion that the plaintiff could perform other work existing in significant numbers in the national economy. On that basis, I recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I do

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

not reach the plaintiff's alternative arguments that remand is warranted on the basis of errors at Steps 2 and 3, including the ALJ's asserted wrongful rejection of the opinions of treating nurse practitioner ("NP") Donna Huff, PMHNP, CS, ANP. *See id*. at 6-13.[2]

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2013, Finding 1, Record at 23; that, through her date last insured, she had severe impairments of disorder of the left knee requiring surgery and an additional procedure before the relevant time "with residuals," an affective disorder, and obesity, Finding 3, *id*.; that, through her date last insured, she retained the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that she could sit for up to six hours, stand/walk for up to four hours at a time but would need a sit/stand option for one to two minutes every hour, could rarely kneel, crouch, or crawl, could not climb ladders, ropes, or scaffolds or be exposed to hazards, and was limited to work that was simple and repetitive, could not work with the public, although she could work with co-workers and respond appropriately to supervision, and could adapt to routine changes in the workplace, Finding 5, *id*. at 26; that, through her date last insured, considering her age (29 years old, defined as a younger individual, on her date last insured), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could have performed, Findings 7-10, *id*. at 32; and that she, therefore, had not been disabled from January 1, 2012, her alleged

---

[2] At oral argument, the plaintiff's counsel also contended that the ALJ had erred in assessing her physical impairments. The commissioner's counsel argued that this point was waived for failure to raise it in the statement of errors. *See, e.g., Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006). The plaintiff's counsel rejoined that the point was adequately raised in a footnote. *See* Statement of Errors at 12 n.3. Even assuming that this argument was not waived, I need not and do not reach it.

onset date of disability, through December 31, 2013, her date last insured, Finding 11, *id*. at 34. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**I. Discussion**

In this unusual case, the commissioner recalculated the plaintiff's date last insured for benefits after her SSD application had already been reviewed initially and on reconsideration by agency nonexamining consultants. *See* Record at 43-44, 46, 127, 137. On initial review on October 29, 2013, and reconsideration on April 29, 2014, both Brian Stahl, Ph.D., and David R. Houston, Ph.D., concluded that there was insufficient evidence to assess the plaintiff's mental impairments for the then-relevant period, from June 30, 2007, her alleged onset date of disability, through September 30, 2010, her date last insured for SSD benefits. *See id*. at 130-31, 144-45.

Prior the plaintiff's hearing before the ALJ on December 10, 2015, the commissioner recalculated her date last insured to December 31, 2013, *see id*. at 325, following which the plaintiff amended her alleged onset date of disability to January 1, 2012, *see id*. at 45. The plaintiff submitted evidence both predating and postdating her new date last insured that was unseen by Drs. Stahl and Houston, *see* Statement of Errors at 3, including notes of an inpatient stay at a mental-health crisis stabilization unit from May 21-26, 2013, *see, e.g.*, Record at 636-38, mental-health counseling by Ann Morgan, LCPC, CCS, from May 30, 2013, through May 1, 2014, *see, e.g., id*. at 774-75, and mental-health treatment by NP Huff and Maryanne Barrows, MHRT-C, in 2015, *see, e.g., id*. at 1250-58, 1379, 1432, 1780-86, as well as a report of a neuropsychological evaluation dated May 24, 2002, by James D. Thomas, Ph.D. (Exh. 20F), *see id*. at 1006-20, a psychological testing report dated May 16, 2014, by Richard Thomas, Ph.D. (Exh. 17F), *see id*. at 766-72, a December 24, 2014, letter To Whom It May Concern from NP Huff (Exh. 22F), *see id*. at 1151, NP Huff's responses to a mental impairment questionnaire dated November 18, 2015 (Exh. 33F), *see id*. at 1440-46, and a letter from NP Huff to the plaintiff's attorney dated November 18, 2015 (Exh. 34F), *see id*. at 1447-48.[3]

---

[3] Dr. James Thomas diagnosed the plaintiff in 2002, when she was an 18-year-old high school junior, with encephalopathy, major depression, attention deficit hyperactivity disorder ("ADHD"), inattentive type, obsessive compulsive disorder ("OCD"), social anxiety disorder, simple phobia (knives and spiders), mathematics learning disability, and writing learning disability. *See* Record at 1006, 1017. He also noted a possible (rule-out) diagnosis of schizotypal personality disorder. *See id*. at 1017. Dr. Richard Thomas found in 2014 that the plaintiff had "a confusing list of many disorders" but that he suspected that she was born with three biologically based syndromes: pervasive developmental disorder, which would explain her "history of difficulty relating to her peers," ADHD, inattentive type, and learning disabilities regarding reading. *Id*. at 771. He suggested that her difficulties had in turn caused a personality disorder. *See id*. He did not offer a mental RFC opinion but stated, "It is not clear to me whether [the plaintiff] can make sufficient progress to overcome her psychiatric limitations and work gainfully[.]" *Id*. at 772. NP Huff provided a mental RFC opinion for the period beginning January 1, 2012, stating, *inter alia*, that if the plaintiff performed simple, full-time work, she would have problems getting along with co-workers and responding appropriately to supervision for up to a third of an eight-hour shift, interacting with the general public and coping with ordinary work stress for up to two-thirds of an eight-hour shift, and would constantly be unable to remember, understand, or carry out instructions. *See id*. at 1444-45.

With respect to the opinion evidence of record, the ALJ stated that she gave "some weight" to the Houston opinion that there was insufficient evidence of a mental impairment before the plaintiff's date last insured, adding that she "agree[d] with this finding and accord[ed] his opinion great weight." *Id*. at 31. She gave "no weight" to NP Huff's 2014 letter, "little weight" to her November 2015 mental impairment questionnaire, and "no weight" to her November 2015 letter. *Id*. at 31-32. She accorded "some weight" to the May 16, 2014, report of Dr. Richard Thomas. *Id*. at 32.

She proceeded to assess a mental RFC that, as counsel for the commissioner conceded at oral argument, is unsupported by any expert opinion, Dr. Houston having expressed an opinion bearing on the by-then irrelevant time period ending on September 30, 2010. The commissioner nonetheless argues that the ALJ made a permissible commonsense judgment of the plaintiff's mental RFC and, even if she did not, remand is unwarranted because the plaintiff points to no reliable evidence that she had a more restricted mental RFC, rendering any error harmless. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 9-14. For the reasons that follow, I find neither point persuasive.

### A. ALJ's Asserted Commonsense Judgment

The commissioner cites *Manso-Pizarro* for the proposition that, "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment[,]" Opposition at 12 (quoting *Manso-Pizarro*, 76 F.3d at 17) (internal quotation marks omitted), and *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327 (1st Cir. 1990), for the proposition that an ALJ may make "common-sense judgments about functional capacity based on medical findings," *id*. (quoting *Gordils*, 921 F.2d at 329) (internal quotation marks omitted).

5

Yet, both *Manso-Pizarro* and *Gordils* concerned physical impairments. *See Manso-Pizarro*, 76 F.3d at 17; *Gordils*, 921 F.2d at 229-30. In addition, in *Manso-Pizarro*, the First Circuit deemed the record "sufficiently ramified that understanding it require[d] more than a layperson's effort at a commonsense functional capacity assessment[,]" warranting remand. *Manso-Pizarro*, 76 F.3d at 19. That is true here, as well.

As the commissioner recognizes, *see* Opposition at 10-11, the ALJ relied heavily in assessing the plaintiff's mental RFC on her finding that the plaintiff's "allegations of severe psychiatric limitations [were] inconsistent with her activities of daily living[,]" Record at 30. For example, the ALJ found that, "[d]uring the relevant time, [the plaintiff] was able to focus on arts and crafts including cake decorating[,]" "attended numerous family gatherings for her family including nieces and nephews[,]" "read[] fantasy books, despite allegations of a reading disorder[,]" and, "[d]espite her complaints of social anxiety, . . . was able to go out to a bar with her siblings and was planning to go to a movie with her friend." *Id.* (citations omitted).

However, "there is a difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week." *Ormon v. Astrue*, 497 Fed. Appx. 81, 87 (1st Cir. 2012) (citation and internal quotation marks omitted). The ALJ never explained, nor is it apparent, how the activities on which she relied translated as a matter of common sense into limitations "to work that was simple and repetitive" and did not involve "work with the public," but permitted the plaintiff to "work with co-workers and respond appropriately to supervision." Finding 5, *id*. at 26; *see also id*. at 30-32.

In these circumstances, the ALJ exceeded the bounds of her competence as a layperson in assessing the plaintiff's mental RFC without expert assistance. *See, e.g., Coyne v. Berryhill*, No. 2:16-cv-00536-GZS, 2017 WL 4364184, at *3 (D. Me. Oct. 1, 2017) (rec. dec., *aff'd* Oct. 19,

6

2017) (ALJ did not make permissible commonsense judgment of claimant's mental RFC when she relied heavily on activities of daily living, including claimant's completion of an online real-estate course and his ability to read, exercise, walk, drive, go out unaccompanied, socialize with friends, and shop, "to conclude that [he] had sufficient capacity to perform simple object-oriented work with limited interactions with others on a sustained full-time basis"); *Bernier v. Colvin*, No. 1:14-cv-29-JHR, 2015 WL 46062, at *4 (D. Me. Jan. 2, 2015) (ALJ "overstepped the boundaries of his competence as a layperson in delineating the [claimant's] capabilities in the area of concentration, persistence, and pace" when, "[e]ven granting that the [claimant's] ability to read, watch television, learn Japanese, and work on an electronics project suggest[ed] some capacity to concentrate and persist, it d[id] not suggest, as a matter of commonsense judgment, that he retained the ability on a full-time basis to handle routine tasks/semiskilled work, occasional decision-making, and occasional workplace changes") (footnote omitted).

The ALJ, accordingly, erred in assessing the plaintiff's mental RFC.

### B. Plaintiff's Asserted Failure To Prove Greater Mental RFC Restrictions

The commissioner argues, in the alternative, that any error in assessing the plaintiff's mental RFC is harmless because the plaintiff, who bore the burden at Step 4 of proving her RFC, fails to demonstrate that she had greater restrictions than those found by the ALJ. *See* Opposition at 11-13 (citing *Davis v. Colvin*, No. 1:14-cv-343-JHR, 2015 WL 3937423, at *4 (D. Me. June 25, 2015); *Veach v. Comm'r, Soc. Sec. Admin.*, Civil No. 1:13-CV-76-DBH, 2014 WL 35362, at *4 (D. Me. Jan. 6, 2014), and *Gonsalves v. Astrue*, Civil No. 09-181-BW, 2010 WL 1935753, at *6 (D. Me. May 10, 2010) (rec. dec., *aff'd* June 16, 2010)). At oral argument, her counsel also cited *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401 (D. Me. Jan. 5, 2015), for the related

proposition that remand is unwarranted because the ALJ's mental RFC finding was more favorable to the plaintiff than the evidence would otherwise support.

The plaintiff's counsel rejoined that the issue is not whether the plaintiff met her burden of proof at Step 4 but, rather, the legal sufficiency of the ALJ's Step 4 finding, a proposition for which he cited *Nguyen v. Chater*, 172 F.3d 31 (1st Cir. 1999). *See Nguyen*, 172 F.3d at 35 ("Our review is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted).

The issue, indeed, is whether the ALJ's mental RFC finding is supported by substantial evidence. While this court has recognized that there are instances in which an ALJ's impermissible assessment of a mental RFC based on the raw medical evidence is harmless, it has concluded that this is so because the ALJ's finding is more favorable to the claimant than the evidence of record would otherwise support – typically, evidence in the form of agency nonexamining consultants' opinions. *See, e.g., Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *4 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017); *Davis*, 2015 WL 3937423, at *4-5; *Veach*, 2014 WL 35362, at *3-4; *Gonsalves*, 2010 WL 1935753, at *6.

In *Lisa Staples*, this court clarified that an ALJ had not assessed a mental RFC more favorable than the evidence would otherwise support when she rejected two agency nonexamining consultants' opinions that a claimant had no severe mental impairment, effectively conceding that those opinions could not stand as substantial evidence because they had been called into question by later-submitted evidence. *See Lisa Staples*, 2017 WL 1011426, at *5. "Thus," the court noted, "instead of assessing a mental RFC that gave the [claimant] 'the benefit of the doubt' or otherwise

was more favorable than the remaining evidence would support, the [ALJ] . . . assessed an RFC unsupported by substantial evidence." *Id*.

In this case, as the commissioner's counsel acknowledged at oral argument, while the ALJ purported to give either "some" or "great" weight to the Houston opinion, Record at 31, she could not have given it any weight as to the relevant time period. Here, as in *Lisa Staples*, once the ALJ rejected the claimant's treating source's opinion of greater restrictions, she assessed a mental RFC unsupported by substantial evidence. *See Lisa Staples*, 2017 WL 1011426, at *5.

As in *Lisa Staples*, "[t]hat, in turn, undermined the relevance of the [VE] testimony on which the [ALJ] relied to meet the commissioner's Step 5 burden that a person with the posited RFC could perform jobs existing in significant numbers in the national economy, warranting reversal and remand." *Id*. at *6 (citing *Arocho v. Sec'y of Health & Human Servs*., 670 F.2d 374, 375 (1st Cir. 1982), for proposition that "responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record"); *see also* Record at 33.

Accordingly, remand is warranted in these circumstances.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for*

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 26th day of November, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge